■ STUART CROMWELL, INC., Respondent, v JANE HOFFMAN, as Commissioner of the New York City Department of Consumer Affairs, et al., Appellants. [724 NYS2d 420] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered February 22, 2001, which granted the petition to the extent of directing the renewal of petitioner's cabaret license, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

In its October 27, 2000 determination denying petitioner's application for a renewal of its cabaret license to operate Club Twilo, respondent Department of Consumer Affairs found the licensee in violation of Administrative Code of the City of New York § 20-361 (a) (6) and Rules of the City of New York (6 RCNY) § 2-202 and, thus, unfit to hold a license.

Such determination was based upon information provided by the Police Department that on four different dates in 1999, during operating hours and while patrons were present,

undercover police officers made purchases of illegal drugs on the premises. Each sale resulted in felony or misdemeanor arrests. In addition, on July 22, 2000, a patron died on the premises from an overdose of the drug "Ecstasy." Finally, on October 8, 2000, in response to 911 calls that patrons were unconscious and in need of assistance, the police were twice told by Twilo's security personnel that no one in the club needed medical attention. When a search of the premises eventually revealed two unconscious people in a dark room, a security guard made statements to the effect that he had moved the patrons into the room after being told by his superiors "to hide those people." The two unconscious patrons and a third semiconscious patron were taken to a hospital emergency room, where they were treated for drug overdoses, and the security guard was arrested and charged with reckless endangerment in the first degree and obstruction of government administration in the second degree.

Thus, respondent found, "Twilo's has committed violations of law * * * which warrant denial of its application for a renewal license. In addition, these violations, separately and taken together as a whole, constitute a basis for DCA to find that Twilo's is unfit to hold a license."

In granting the petition, the IAS court found respondent's action to be arbitrary, capricious and unreasonable in that the court believed that respondent should not have relied upon events which were also the subject of a then pending, unresolved civil nuisance proceeding, and which occurred after the original September 30, 2000 expiration date of petitioner's license. This was particularly so, the court felt, where, had the license been timely renewed, petitioner would have been entitled to a hearing before its license could have been revoked based upon the events of October 8, 2000.

However, there is no basis for limiting respondent in its simultaneous use of the same events to pursue a nuisance abatement action and as a basis for its denial of petitioner's license renewal application. "[T]he same grounds for revoking, canceling, or suspending a license obviously may furnish a basis for refusing to renew" (*Matter of Farina v State Liq. Auth.*, 20 NY2d 484, 491). Administrative Code § 20-361 (a) (7) and (e) further requires the license renewal applicant to provide information about events occurring subsequent to the date of its renewal application. In any event, even if the incident of October 8, 2000 were not considered, petitioner does not deny that three of the four alleged drug sales occurred on its premises in 1999. Thus, there is no real dispute that the club was in viola-

tion of Administrative Code § 20-361 (a) (5) and (6) and respondent's denial of petitioner's license renewal application was not arbitrary and capricious.

We have considered petitioner's other points, including its estoppel, statutory, and due process and First Amendment arguments, and find them without merit. Concur—Andrias, J. P., Lerner, Rubin, Buckley and Marlow, JJ.