■ In the Matter of 7TH AVENUE RESTAURANT GROUP LLC, Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [957 NYS2d 328]—

The State Liquor Authority's determination to deny petitioner's application to renew its on-premises liquor license has a rational basis (see Matter of Farina v State Liq. Auth., 20 NY2d 484, 491 [1967]; see also Cromwell, Inc. v Hoffman, 283 AD2d 333, 334 [1st Dept 2001]). The record reflects that after a change of ownership in 2009, petitioner adopted a new trade name, renovated the premises, extended its hours from 2:00 a.m. to 4:00 a.m. and began playing loud music, causing its neighbors to register dozens of noise complaints. The State Liquor Authority received complaints from petitioner's landlord, the local community board and numerous concerned citizens and reviewed notices of violation issued by the New York City Buildings, Police and Fire Departments to petitioner for, among other things, operating an "illegal cabaret" without a license. Since petitioner was only licensed to serve liquor under a "restaurant" license (see Alcoholic Beverage Control Law § 64), respondent's determination to deny its renewal application was "not arbitrary and capricious" (see Rose Group Park Ave. LLC v New York State Liq. Auth., 93 AD3d 1, 3 [1st Dept 2012], lv denied 18 NY3d 953 [2012]).

The agency did not exceed its statutory authority in adopting 9 NYCRR 48.8 (a), as the rule is not "out of harmony with the [licensing] statute[s]" (see Matter of Metropolitan Movers Assn., Inc. v Liu, 95 AD3d 596, 600 [1st Dept 2012], quoting Matter of Jones v Berman, 37 NY2d 42, 53 [1975]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Friedman, J.P., Acosta, Renwick, Richter and Román, JJ.